UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

WILLIAM JOHNSON,

    Petitioner,

v.                                     3:06-cv-347

STATE OF TENNESSEE
and ELIZABETH IRVING,

    Respondents.

## **MEMORANDUM AND ORDER**

Petitioner has filed a petition for an extraordinary writ pursuant to the All Writs Act, 28 U.S.C. § 1651.[1] Petitioner's application to proceed *in forma pauperis* is **GRANTED**. The Clerk is DIRECTED to file this action without prepayment of costs or other fees as of the date the petition was received and to serve a copy of the petition and this Memorandum and Order on the Attorney General of the State of Tennessee. However, for the reasons stated below, the Attorney General shall not be required to file an answer or other pleading to the petition and this petition is **DISMISSED**.

---

[1] Although petitioner labeled this action a "Petition For An Extraordinary Writ," in the body of the petition he complained, among other things, of the conditions of his confinement and a denial of medical care. For that reason, the Clerk's Office filed the petition as a civil rights complaint. Because petitioner does not seek damages but only the dismissal of his criminal proceedings, the court will treat the petition as a petition for a writ.

Petitioner is in federal custody. The respondents are the State of Tennessee and Elizabeth Irving, an assistant district attorney general for the 9th Judicial District of Tennessee. Petitioner states that, on December 31, 2005, he was charged in Morgan County, Tennessee, with DUI (two counts), leaving the scene, violation of the implied consent law, vandalism, and assault on an officer. According to petitioner, he is being denied his Sixth Amendment right to a speedy trial. In that regard, he also claims he is being denied the right to effective assistance of counsel because his attorney refuses to file a motion for a speedy trial. Apparently, based upon the documents provided by petitioner, his state court appearances have been continued because he is in federal custody for violation of supervised release as a result of his arrest on state charges. Petitioner asks the court to direct Ms. Irving and the State of Tennessee to withdraw the charges against him and, further, for the court to direct that the charges not be re-filed in the future.

The law is settled that a federal court should not interfere in pending state court proceedings absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). *See also Ballard v. Stanton*, 833 F.2d 593, 594 (6th Cir. 1987) (petitioner's allegations of bad faith and harassment "can all properly be challenged, either by motion to the trial court, or later on appeal to the state appellate courts" and thus petitioner was not entitled to an emergency stay of her state criminal proceedings). Petitioner has not made such a showing of great and immediate irreparable injury. His claims of ineffective assistance of counsel and speedy trial should first be addressed by the state courts.

Because it plainly appears from the face of the petition and the annexed exhibits that petitioner is not entitled to relief in this court at this time, the petition for an extraordinary writ is **DISMISSED**. The Clerk is DIRECTED to notify the petitioner of this Memorandum and Order and to close this file. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c).

In addition to the above, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court hereby **DENIES** the petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**E N T E R:**

s/ Leon Jordan
United States District Judge